IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEREMY BROWN, | ) | |
| | ) | |
| Petitioner, | ) | 8:19CV456 |
| | ) | |
| v. | ) | |
| | ) | |
| BRAD JOHNSON, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |

This matter is before me on initial review of Mr. Brown's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[1] Filing No. 1. For the reasons discussed below, I will dismiss the petition without prejudice.

## *Brief Background*

Brown is charged with possession of methamphetamine or amphetamine which is a Class 1D felony in Nebraska. The prosecution is taking place in Lancaster County, Nebraska in a case styled *State of Nebraska v. Jeremy J. Brown*, CR 19 0000768 (District Court of Lancaster County, Nebraska). I take judicial of those files and records.[2] A motion to suppress has been filed by his counsel, but no hearing has yet been held. In short, the prosecution is ongoing and it is not atypical in any way.

---

[1] The court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a section 2241 action.

[2] *See, e.g., Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records) (The site is available at https://www.nebraska.gov/justicecc/ccname.cgi.)

Petitioner's long and rambling complaint is difficult to understand. As best I understand it, summarized and condensed, three claims are made. Claim One asserts that the prosecutor is acting outside his "Ministerial Function." Claim Two asserts that the Lancaster County Court abused its discretion when it bound the case over to the District Court. Claim Three asserts that Petitioner's appointed counsel is a functionary acting for the prosecution and not Petitioner.

*Analysis*

"[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). "Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (citing cases). Relatedly, "[i]n *Younger v. Harris*, [401 U.S. 37, 43-44 (1971)], the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999).

Abstention here is appropriate because Petitioner is involved with ongoing state court criminal proceedings and his allegations do not show that he exhausted his state court remedies. Petitioner may challenge the propriety of any searches or seizures and the sufficiency of the evidence against him in state court prior to or at trial. The court further finds that Petitioner's assertions do not constitute "special" or "extraordinary" circumstances that require intervention by the court. *See, e.g.,*

2

*Braden*, *supra* (speedy trial rights); *Benson v. Superior Court Dept. of Trial Court of Mass.*, 663 F.2d 355 (1st Cir. 1981) (double jeopardy). Because it "plainly appears from the petition . . . that petitioner is not entitled to relief," *see Rule 4 of the Rules Governing Habeas Corpus Cases*, I will dismiss the petition without prejudice.

### *No Certificate of Appealability*

Because "the detention complained of arises from process issued by a state court, Petitioner must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that:

1. The petition for writ of habeas corpus, Filing no. 1, is dismissed without prejudice. The motion to amend exhibits, Filing no. 3, is denied. No certificate of appealability has been or will be issued.

2. The court will enter judgment by separate document.

DATED this 29th day of October, 2019.

BY THE COURT:

*s/ Richard G. Kopf*
Senior United States District Judge